## HARTLEY v. PAN AMERICAN AIRWAYS, Inc. et al.

### No. 29477.

United States District Court
N. D. California, S. D.
June 15, 1951.

Gladstein, Andersen, Resner & Sawyer, San Francisco, Cal., for plaintiff.

Athearn, Chandler, Hoffman & Angell, San Francisco, Cal., for defendants.

**248**

HARRIS, District Judge.

Defendant Pan American Airways, Inc. has moved to dismiss the complaint filed by James L. Hartley, discharged employee of defendant. In the light of the recent decision by the Court of Appeals for the Fifth Circuit in the case of Michel v. Louisville National Railway Co., 188 F.2d 224, the Court granted defendant's request for reargument on its motion to dismiss the above entitled action.

The ground advanced for dismissal is the award of the Railroad Adjustment Board which passed upon the cause of action set forth in the complaint and ruled in favor of Pan American Airways.

Defendant, in support of its motion, cites numerous cases which hold that disposition of a grievance by the Railroad Adjustment Board constitutes final determination of the case, subject to the review remedies provided by the Railway Labor Act, 45 U.S.C.A. § 151, et seq. See Slocum v. Delaware, etc., Ry. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Elgin, etc., Ry. Co. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L. Ed. 1886; Michel v. Louisville, etc., Ry., 27 L.R.R.M. 2596, and similar cases which hold that determination by the Railroad Adjustment Board precludes maintenance of a suit based upon the same claim.

While Moore v. Illinois Central Ry. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, permits a plaintiff who has been discharged, to seek damages, it is not authority for Hartley to bring the present action. The Board which passed upon plaintiff's claim made an award in his favor, covering compensation to which he was entitled up to the date upon which his passport was subject to renewal by the State Department. Such compensation allowance is not the basis for the commencement of an action in the District Court.

Plaintiff, in order to establish jurisdiction in this Court, has attacked the award of the Railroad Adjustment Board on the asserted ground that the " * * * statements were and are false and untrue and constituted fraud upon the Board of Adjustment," with respect to the reasons for defendant's failure to obtain plaintiff's passport. It is defendant's position that such allegation, as a ground for impeaching the award of the Board of Adjustment, is insufficient. It is merely a contention that the Board acted erroneously in believing certain testimony before it and disbelieving other testimony relied upon by plaintiff in seeking to make out a case. Such point is well taken. Firemen's Fund Insurance Co. v. Flint Hosiery Mills, 4 Cir., 74 F.2d 533, 104 A.L.R. 556; In re Cummings, D.C., 84 F.Supp. 65.

Upon consideration of the moving papers and the authorities cited therein, this Court concludes that plaintiff has had his day before the Railroad Adjustment Board and that he is precluded, in the light of the pleadings as set forth in his complaint, from obtaining relief in this Court. See Charman v. Pan American Airways, 9 Cir., 1951, 188 F.2d 875.

Accordingly, It Is Ordered that the motion to dismiss be and the same hereby is Granted.