**Irving ROSEN and Sidney A. Kanter, Appellants,**

**v.**

**EASTERN AIR LINES, INC., Appellee.**

**No. 25235.**

United States Court of Appeals
Fifth Circuit.

Aug. 15, 1968.

Rehearing En Banc Denied
Nov. 29, 1968.

Leonard Moriber, Miami, Fla., for appellants.

William G. Belt, Miami, Fla., W. Glen Harlan, New York City, Gambrell, Russell, Moye & Killorin, Atlanta, Ga., of counsel, for appellee.

Before POPE,* TUTTLE and CLAYTON, Circuit Judges.

* Of the Ninth Circuit, sitting by designation.

**PER CURIAM:**

Appellants, Rosen and Kanter, were flight attendants for Eastern Air Lines until they were discharged by Eastern because of the way in which they had handled liquor service on a flight on May 13, 1965. After this flight, appellants were questioned about the liquor service, and on May 17, 1965, they were notified by letter of their discharge. This letter from Eastern stated the reason for the discharge to be "your handling of the liquor service on Flight 4 on May 13, 1965". There was then in effect between the Airline Stewards and Stewardesses Association and Eastern Air Lines a collective bargaining agreement which had been adopted under the provisions of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., and under its provisions, Rosen and Kanter elected to file grievances with the hearing officer. On May 28, 1965, the hearing officer upheld the discharges. Under the aforementioned agreement, Rosen and Kanter appealed from this decision to the Eastern Air Lines Flight Attendants System Board of Adjustment. This Board upheld the discharges but also decided that the letter notifying the appellants of their discharge was defective in that it did not give the "precise charges" against them as provided in § 15(A) 4 of the agreement. It was there also decided that even though the "precise charges" were not included in the letter of discharge appellants were not prejudiced, since the record before the board reflected that the appellants were well aware of the nature of the charges against them, which were that Kanter had underreported the number of drinks sold and that Rosen had overreported the number of complimentary drinks served. Although finding that appellants could not successfully contend that their discharges were void merely because of the formal defect which existed between May 17 and May 24, 1965, they nevertheless held that they were entitled to one week's additional pay as compensation for the period between the date of the letter of discharge and the date of

formal notice of the "precise charges". Appellants' contention that the hearing officer should have relied solely on the evidence presented before him at the hearing instead of making an additional investigation of his own was rejected.

By their suit which was filed in district court, appellants sought reinstatement, back pay, punitive damages and a review of the holding of the System Board. They were denied any relief there and have appealed here. We affirm.

Appellants claim here that they were denied constitutional and "industrial" due process because (1) no precise written charges have been filed against them as required by the agreement, (2) that the hearing officer should not have conducted his own investigation, and (3) that the system board should not have held a de novo hearing but, instead, should have limited itself to the record made before the hearing officer, find no support in either statutory or case law and are without merit.

■ Appellants' contention at this late date that they never have known the nature of the charges is specious. The System Board found that they had actual notice of the charges against them at least from the date of the hearing before the hearing officer, if not before, and the district court correctly held that the decision of the System Board on whether appellants were properly discharged or not is final and binding on the courts and not subject to review on the merits by the courts. It was also correctly decided there that the courts can reverse the System Board only where there is a denial of due process before the Board and that such a review does not extend to proceedings before submission to the Board. These actions of the district court are firmly established in earlier cases before this court and by cases decided by the Supreme Court. In Gunther v. San Diego and Arizona Eastern Ry., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965), with respect to the reviewability of awards

made under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., said the follow-ing:

> This Court time and again has emphasized and re-emphasized that Congress intended minor grievances of railroad workers to be decided finally by the Railway Adjustment Board.

> \* \* \* \* \* \*

> The basic grievance here—that is, the complaint that petitioner has been wrongfully removed from active service as an engineer because of health —has been finally, completely, and irrevocably settled by the Adjustment Board's decision. Consequently, the merits of the wrongful removal issue as decided by the Adjustment Board must be accepted by the District Court, 382 U.S. at 263–264, 86 S.Ct. at 372.

This court has consistently followed *Gunther* in holding that district courts have no authority to review the System Board's awards. See Southern Pacific Company v. Wilson, 378 F.2d 533 (5 Cir. 1967); Hodges v. Atlantic C. L. R. Co., 363 F.2d 534 (5 Cir. 1966); and Rittle v. REA Express, 367 F.2d 578 (5 Cir. 1966). There are, however, very limited situations in which following the actions of a system board, authorized by the Railway Labor Act (supra), court review is available. These can arise only where there has been a denial of due process by some act of the Board in making an award. Southern Pacific Company v. Wilson, supra, and Edwards v. St. Louis-San Francisco Railroad Company, 361 F.2d 946 (7 Cir. 1966).

■ The actions of the System Board toward the appellants do not reveal any evidence of a denial of fundamental or "industrial" due process which would invest a federal court with authority to review the action of that Board. For such authority to exist, there must be a sufficient denial of due process to allow a collateral attack on the jurisdiction of the System Board. Woolley v. Eastern Air Lines, 250 F.2d 86 (5 Cir. 1957).

■ It is the voluntary act of the employee which gives the actions of the System Board such final authority. Upon his discharge, an employee has a choice—he may sue in court for a breach of contract of employment, or he

can proceed under the agreement and the Railway Labor Act before the Board. He may not do both. Hence, "granted jurisdiction in the Board, its decisions on either factual or legal or mixed issues, are not reviewable in court." Woolley v. Eastern Air Lines, supra.

Appellants' claim of unfair treatment before the hearing officer may not be considered here. Federal courts are without authority to review even a denial of due process which occurs prior to the actions of the System Board. Edwards v. St. Louis-San Francisco Railroad Company, supra. The remedy for mistreatment before the hearing officer is in the hands of the System Board, not the federal courts. And, appellants' complaint that the Board went outside the record made by the hearing officer necessarily involves an interpretation of a provision of the agreement under which these proceedings were conducted. The only issue made here is that the appellants do not agree with the interpretation placed on this provision by the System Board. As has been stated, the interpretation of the Board is binding on the courts.

■ With what we have said, it is not now necessary for us to consider the contention made by appellee that appellants' complaint fails to state a cause of action under the 1966 amendments to "§ 3 First" of the Railway Labor Act, 45 U.S.C.A. § 153, except to say that it is novel since this section is not applicable to airlines. See 45 U.S.C.A. §§ 181, 182, 184 and International Ass'n of Machinists A.F.L.-C.I.O. v. Central Airlines, Inc., 372 U.S. 682, 685, 83 S.Ct. 956, 10 L.Ed.2d 67 (1963).

Disposition made of this case in the district court was right. The case is

Affirmed.

### ON PETITION FOR REHEARING EN BANC

PER CURIAM.

The Petition for Rehearing is denied and no member of this panel or Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is denied.