Application of Norma **MARTINO**, Petitioner,

v.

**AMERICAN AIRLINES, INC.,** Respondent.

No. 75 Civ. 3683.

United States District Court, S. D. New York.

Dec. 16, 1975.

---

Greenspan & Aurnou, White Plains, N. Y., for petitioner; Leon J. Greenspan, Joseph D. DeSalvo, White Plains, N. Y., of counsel.

Poletti Freidin Prashker Feldman & Gartner, New York City, for respondent; Herbert Prashker, Richard Schoolman, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

Norma Martino petitions to set aside an award of the American Airlines Flight Attendant System Board of Adjustment which found that her employer, American Airlines, was justified in discharging her for drinking an alcoholic beverage while on duty. She seeks reinstatement, back wages and costs. American Airlines moves to dismiss the petition.

Martino filed this petition in federal court pursuant to Section 3 First (q) of the Railway Labor Act, 45 U.S.C. § 153 First (q). American Airlines asserts that jurisdiction does not lie under that section because it provides a procedure solely for judicial review of awards of the National Railroad Adjustment Board. The airline is correct that the section at issue does not specifically refer to airline, as distinct from railroad, adjustment boards. However, boards of adjustment for airlines are established pursuant to the Railway Labor Act (45 U.S.C. § 184, and even the authority upon which the airline relied, *Rosen v. Eastern Air Lines, Inc.,* 400 F.2d 462 (5th Cir. 1968), *cert. denied,* 394 U.S. 959, 89 S.Ct. 1307, 22 L.Ed.2d 560 (1959) did not hold that § 184 is inap-

plicable to cases involving airline adjustment boards. While noting the "novelty" of asserting jurisdiction over an airline board in the face of the literal language, the court in *Rosen* stated that:

> "There are . . . very limited situations in which following the actions of a system board, authorized by the Railway Labor Act, court review is available." *Id.* at 464.

Moreover, American Airlines has cited no authority for its position other than *Rosen*, we have found none, and although it is true that the question of jurisdiction was not litigated, numerous courts have considered determinations of adjustment boards in cases involving airline employees without dismissing the petition on this ground. See, e. g., *Arnold v. United Airlines*, 296 F.2d 191 (7th Cir. 1961); *Y. Chull Kim v. Pan American World Airways*, 73 Civ. 68 (E.D.N.Y. October 12, 1973); *Rossi v. Trans World Airlines, Inc.*, 350 F.Supp. 1263 (C.D.Cal.1972); *Thorgeirsson v. Trans World Airlines, Inc.*, 288 F.Supp. 71 (S.D.N.Y.1968).

■ The parties do agree that the scope of judicial review of an Adjustment Board award is "narrowly circumscribed." *Thorgeirsson v. Trans World Airlines, Inc., supra*, 288 F.Supp. at 75. *Accord, Hall v. Eastern Airlines*, 511 F.2d 663 (5th Cir. 1975); *Arnold v. United Air Lines*, 296 F.2d 191 (7th Cir. 1961). The only grounds on which awards may be upset which are relevant to the present case are (1) that the Board's decision was arbitrary or capricious, *Arnold v. United Air Lines, supra*, 296 F.2d at 195; (2) that the manner in which the proceedings were conducted denied the petitioner due process, *Rosen v. Eastern Air Lines, Inc., supra*, 400 F.2d at 464; *Rossi v. Trans World Airlines, Inc., supra*, 350 F.Supp. 1263, 1272 (C.D. Cal.1972); or (3) that "the award was . . . arrived at by fraud and corruption," *Rossi v. Trans World Airlines, Inc., supra*, 350 F.Supp. at 1273. See *Y. Chull Kim v. Pan American World Airways, Inc., supra.*

■■ Martino sets forth allegations at ¶¶ 21–34 of the petition which she asserts demonstrate what she claims was arbitrary and capricious conduct by the Board and a denial of due process. Paragraphs 21–24 state that the Board failed to consider mitigating facts in upholding the decision to discharge Martino. These claims must be dismissed because the statute which confers jurisdiction in federal court provides that on review,

> "the findings and the order of the [board] shall be conclusive on the parties, except that the order of the [board] may be set aside . . . for failure . . . to comply with the requirements of this chapter, for failure . . . to conform, or confine itself, to matters within the scope of the [board's] jurisdiction, or for fraud or corruption by a member of the [board]." 45 U.S.C. § 153 First (q).

*Accord, Rosen v. Eastern Air Lines, Inc., supra*, 400 F.2d at 463; *Thorgeirsson v. Trans World Airlines, Inc., supra*, 288 F.Supp. at 75. Paragraphs 25, 27–31 and 33–34 present facts which, even if true, merely impeach the credibility of the airline's evidence against Martino at the proceedings. These claims, too, must be dismissed, because federal courts have no jurisdiction over contentions that the Board made erroneous findings of fact (*Rossa v. Flying Tiger Line, Inc.*, 187 F.Supp. 386, 392 (N.D. Ill.1958)), that a witness appearing before the Board gave false testimony, or that the Board erred in believing some witnesses and discrediting the testimony of others. *Hartley v. Pan American World Airways, Inc.*, 98 F.Supp. 247, 248 (N.D.Cal.1951), cited in *Kim v. Pan American World Airways, supra*, at p. 3. Nor do the allegations of Paragraph 32 that the Board refused to visit the actual plane or one with a similar layout amount to a denial of due process where, as here the plans and blueprints of the airplane were available and afforded the Board a reasonable method of determin-

ing the relevancy of the plane's layout. See petition, Ex. P.

■ However, Paragraph 26 asserts that the Board "refused to consider witnesses offered by the petitioner . . . to corroborate her testimony . . . ." That evidence consisted of reports and testimony from fellow crew members and passengers of the flight in question to the effect that they did not see petitioner drink any liquid while on duty and that she did not appear to be intoxicated. (¶¶ 26a–26g) The airline contends that even if the Board had refused to hear this testimony, it would not negate Martino's own admission that she had drunk some liquid while on board the airline. We disagree that a refusal to hear this testimony would necessarily be what the airline terms "harmless error." As the court in *Hall v. Eastern Airlines, Inc.* noted, the Board "is entitled to completely reject such evidence *after* reviewing it on the merits," but it was improper for the Board to refuse to hear evidence since "The presentation of one's defense is a basic due process right." 511 F.2d at 664. The airline's attempt to distinguish the *Hall* case by stating that the testimony which the Board refused to hear was not a defense in and of itself, but went only to corroborate Martino's testimony is not persuasive. The presentation of a defense includes all relevant testimony which the petitioner wishes to place before the Board, not merely her own statements or statements which directly establish a defense. The refusal to allow the introduction of such evidence, if true, denied her due process. If the Board had listened to the witnesses who Martino wished to call, it might have believed them and, as a result, believed her denial of the charges. Corroboration testimony can be as important as direct evidence; even many a criminal case is won or lost on the presence or absence of corroborative evidence, and the Board could not properly refuse to hear such testimony.

■ In spite of these observations, however, the petition cannot be granted on this ground because Paragraph 26 does not clearly indicate whether the Board refused to hear the testimony or whether, after hearing it, it discounted or rejected it. Accordingly, Paragraph 26 is dismissed unless within twenty days Martino amends her petition to allege specifically that the Board refused to hear the testimony.

■ Finally, Martino charges the Board with fraudulent conduct, claiming that her discharge was part of a conscious policy by American Airlines to discriminate on the basis of national origin, race, sex and age and to discharge stewardesses who formerly worked for Trans-Caribbean Airlines. (¶¶ 37–48) If the allegations are true, they state a claim against American Airlines, not against the Adjustment Board. This claim is therefore not reviewable under the Railway Labor Act, 45 U.S.C. § 153 First (q). Cf. *Hartley v. Pan American World Airways, Inc., supra,* 98 F.Supp. at 248. Nor do we find that the allegation that the attorneys for the airlines and Martino lunched with members of the Board (¶ 49) constitutes a cognizable claim of fraudulent conduct.

The petition to set aside the award of the Adjustment Board is denied. The motion to dismiss is granted unless within twenty days the petitioner amends Paragraph 26 of her petition to allege specifically that the Adjustment Board refused to hear testimony concerning her defense.

It is so ordered.