SERSTEL CORPORATION, Appellant (Defendant/Cross-Complainant Below),

v.

Cedric E. GIBBS, Appellee (Plaintiff/Cross-Defendant Below),

and

Laborer's International Union, Appellee (Defendant Below).

No. 3–1079A288.

Court of Appeals of Indiana, Third District.

March 11, 1981.

Rehearing Denied June 24, 1981.

Duane W. Hartman, Thomas F. Macke, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellant.

William R. Groth, Fillenwarth & Fillenwarth, Indianapolis, Lee J. Christakis, Douglas M. Grimes, P.C., Shirley M. Coleman, Gary, for appellees.

GARRARD, Judge.

This is a labor case involving an employee's attempt to maintain a civil action for an alleged breach of a collective bargaining agreement.

Gibbs had been employed by Serstel as a member of the bargaining unit covered by Serstel's contract with Laborer's International Union, Local 81. On October 10, 1978, Gibbs' employment was terminated. Subsequently, he commenced this suit alleging breach of contract and seeking money damages and injunctive relief against both Serstel and the union.

The union moved for a dismissal of the action on the ground that the contract provided a grievance procedure terminating in arbitration which applied to Gibbs' termination and that he was precluded from maintaining his suit since he had not yet exhausted the contractual remedy.

Serstel filed a "pleading" which it denominated a cross complaint for declaratory judgment. The substance of this document merely asserted Gibbs had left his employment on October 10, 1978, and had not returned and therefore he should be declared to have been properly terminated. Shortly thereafter, Serstel filed a response to the union's motion to dismiss in which it asserted that Gibbs had waived his right to arbitration by filing his lawsuit. It followed this with its "second cross complaint" in which it asserted that Gibbs had waived arbitration by commencing a civil suit and prayed for an injunction restraining Gibbs and the union from participating in arbitration.

Gibbs, through his counsel, then moved for dismissal of the action.[1] On this state of the record the trial court ordered the action dismissed due to Gibbs' failure to exhaust his contractual remedies.

Serstel appeals and asserts that by commencing suit Gibbs waived his rights to the grievance machinery provided by the contract. The union responds that as the *exclusive* bargaining agent for employees in the bargaining unit, it alone can demand arbitration and, therefore, no action by Gibbs individually can affect the union's right to insist upon the utilization of the grievance procedure. We find neither position correctly states the law, but that the action was properly dismissed.[2]

■ Before considering the controlling principles of labor law that apply, we must first consider Serstel's contention that as a matter of trial procedure it was wholly impermissible for the court to order the dismissal of Serstel's cross complaints against Gibbs on the basis of the motion to dismiss filed by the union and opposed by Serstel.

First, as already noted, and contrary to the argument advanced in Serstel's brief, Gibbs *did* move for a dismissal of the action. Thus, the trial court was not strictly limited to the relief it might afford upon a motion filed by a separate defendant.

Secondly, we have long held that a pleading is to be examined and treated on the basis of its content rather than by how it is captioned or titled. *McQueen v. State* (1979), Ind., 396 N.E.2d 903; *Jones v. Castor* (1966), 140 Ind.App. 342, 214 N.E.2d 180. On this basis it is readily apparent that Serstel's "cross complaints" do not state separate claims within the meaning of the rules. The first simply asserts that Gibbs was properly terminated and, thus, contravenes Gibbs' assertion that his termination was wrongful. The second, in which Serstel contended that Gibbs had waived his right to arbitrate, is in the nature of an objection or response to the assertion that Gibbs had failed to exhaust his contractual remedies and appears to ad-

1. Although Gibbs subsequently changed attorneys, this motion was never withdrawn and was therefore pending when the trial court entered its order.

2. From the materials on file when the court ruled and its apparent cognizance of their con-

tents, the court, pursuant to Indiana Rules of Procedure, Trial Rule 12(B), should have treated the matter as a summary judgment under TR 56. However, in the context of this appeal we find any procedural error in granting a dismissal to be harmless. AP 15(E).

dress both motions to dismiss.[3] Under these circumstances we feel the court was not precluded by the procedural posture of the case from dismissing the entire action as it, in fact, did.

We turn then to the question of the propriety of the dismissal.

We initially note that § 301 of the Taft-Hartley Act, 29 U.S.C.A. § 185, confers upon the courts jurisdiction to try suits for violation of collective bargaining contracts between employers and labor organizations in industries affecting commerce. In *Charles Dowd Box Co. v. Courtney* (1962), 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 it was determined that state courts had concurrent jurisdiction with the federal courts to try such actions, and in the landmark *Lincoln Mills* case (*Textile Workers v. Lincoln Mills* (1957), 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972) the Supreme Court determined that federal substantive law should be applied in deciding such actions. That substantive law as set forth in three decisions now generally referred to as the Steelworkers Trilogy[4] declared a federal policy favoring arbitration of labor disputes and enforcement of agreements to arbitrate.

Although the early cases were often decided in the context of an assertion that exclusive jurisdiction of a particular claim or dispute should lie with the National Labor Relations Board, consideration has been given in depth to the status of an individual employee, or group of employees, in attempting to enforce or assert rights afforded to them as members of an employee unit covered by a collective bargaining agreement.

■ The union asserts that *as a matter of law* only it can demand arbitration and therefore no employee can affect its right. To the extent this argument seeks to assert that employees have no separately enforceable interest created by the contract, we reject it as did the Supreme Court in *Smith v. Evening News Ass'n.* (1962), 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246. In that case the Court held that § 301 is not limited to the contracting parties; it does permit suits by individual employees.

■ On the other hand, the now well established federal law declares the general rule to be that arbitration agreements are to be enforced and individual employees who fail to follow the grievance procedures provided by their contracts should be precluded from initiating civil actions under § 301 unless the contract, itself, provides that arbitration is not the exclusive remedy afforded. *Republic Steel Corp. v. Maddox* (1965), 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580.

Balancing these competing interests the Court in *Vaca v. Sipes* (1967), 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 set forth those instances in which an individual employee may bring suit pursuant to § 301 even though he has not exhausted the exclusive grievance procedures provided by an applicable collective bargaining contract:

(1) When the conduct of the employer amounts to a repudiation of the exclusive grievance procedures, the employer is estopped by its own conduct from relying upon the employee's failure to exhaust his contractual remedies. 386 U.S. 185, 87 S.Ct. 914.

(2) If the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance, the union has breached *its* duty of fair representation and the employee may maintain suit. 386 U.S. 185, 87 S.Ct. 914.

---

**3.** Pursuant to TR 41(A)(2) such an objection would be appropriate to consideration of Gibbs' motion to dismiss. Had the union's motion been treated as one for summary judgment, TR 56(B) permits the court to grant summary judgment concerning other parties.

**4.** *United Steelworkers of America v. American Mfg. Co.* (1960), 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; *United Steelworkers of America v. Warrior & Gulf Navigation Co.* (1960), 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; *United Steelworkers of America v. Enterprise Wheel & Car Corp.* (1960), 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

In this regard, it should be noted that the Court rejected the notion that the union lacks discretion in determining whether to take a case to arbitration. 386 U.S. 190–192, 87 S.Ct. 916–917. The union's refusal is to be found "wrongful" only when its conduct toward a member of the bargaining unit is arbitrary, discriminatory or in bad faith. 386 U.S. 190, 87 S.Ct. 916.

In the present case the contract between Serstel and the union which was applicable to Gibbs provided that all such grievances should be settled in accordance with a five step grievance procedure outlined therein and terminating with arbitration. The contract specified that the arbitrator's decision would be final and binding upon the employer, the employer association, the union and the employees. The unrefuted materials filed with the court showed that Gibbs had filed a grievance over his discharge and that it had proceeded to the Fourth Step of the procedure, an arranged conference between representatives of the union's district council and the employer association. The terms of the contract mandate proceeding to arbitration in the event that the committee at the Fourth Step is unable to resolve the grievance.

■ From the materials before the court it was undisputed that the union had not refused to process the grievance. Nor does it appear by allegation or otherwise that Serstel had repudiated the grievance procedure provided by the contract. Indeed, its waiver arguments presented at trial and on appeal implicitly *affirm* the propriety and validity of that procedure. Under these circumstances it would appear that Gibbs should be precluded from maintaining his action because of his failure to exhaust his contractual grievance remedies. *Republic Steel Corp., supra.*

What, however, of Serstel's contention that the exhaustion doctrine was waived by the act of Gibbs in filing suit? In support of this assertion it cites *Morales Rivera v. Sea Land* (1st Cir. 1969), 418 F.2d 725;

*Cornell & Co. v. Barber & Ross Co.* (D.C.Cir. 1966), 360 F.2d 512; and *Rosen v. Eastern Air Lines, Inc.* (5th Cir. 1968), 400 F.2d 462.

We find these decisions unpersuasive. *Cornell & Co.* was simply a suit between two corporations where one moved for a stay pursuant to 9 U.S.C. § 3. It was not a labor case, and the general assertion made therein that the right to arbitration can be waived did not purport to contemplate the substantive federal law recognized in *Lincoln Mills* and declared in the *Steelworkers* cases.

*Rosen* was decided under the Railway Labor Act, 45 U.S.C. § 151 et seq., which had historically been interpreted as providing a discharged employee with an election to proceed either in the courts or through the grievance machinery. In *Rosen* the court merely held that discharged flight attendants, having previously submitted to the grievance procedure where they lost, were barred from again litigating the matter through the courts. Furthermore, in *Republic Steel Corp., supra*, the Supreme Court criticized that election doctrine and rejected an extension of it to cases arising under the National Labor Relations Act. 379 U.S. 654–656, 85 S.Ct. 617–618.

*Morales Rivera* was a suit claiming wages for an employer's failure to comply with Puerto Rican wage and hour legislation. It was removed to federal court on diversity grounds and was eventually dismissed for lack of prosecution. No appeal was taken, but some nine months later the plaintiffs filed a F.R.C.P. 60(b) motion asserting for the first time that they were covered by a collective bargaining agreement which provided for arbitration. Their motion asserted that the judgment of dismissal should therefore be set aside because the trial court *lacked jurisdiction* due to their failure to exhaust their contractual remedies. The court denied the motion pointing out that while the doctrine provided an affirmative defense to maintenance of such an action it did not deprive the court of jurisdiction and could not be successfully asserted for the

first time in the manner attempted by the plaintiffs.

 In view of the strong federal policy to promote industrial stabilization through the collective bargaining agreement, *Warrior & Gulf N. Co., supra*, 363 U.S. 578, 80 S.Ct. 1350, we hold that Gibbs' mere act of filing suit was insufficient to constitute a waiver of the contractual requirements providing that such complaints be submitted through and resolved under the specified grievance procedure.

The judgment of dismissal is affirmed.

HOFFMAN, P. J., and STATON, J., concur.