**Seyed N. SHAFII, Plaintiff,**

v.

**BRITISH AIRWAYS and International Association of Machinists and Aerospace Workers, AFL–CIO, District Lodge 100, Defendants.**

No. 91–CV–1130 (JRB).

United States District Court,
E.D. New York.

Jan. 9, 1995.

Seyed N. Shafii, plaintiff pro se.

Harry N. Turk, Epstein Becker & Green, P.C., New York City, for defendants.

### MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

In this action to review an arbitration award rendered pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (the "RLA"), defendant British Airways moves this Court under Rule 56 of the Federal Rules of Civil Procedure for summary judgment.[1] For the reasons set forth below, defendant's motion for summary judgment is granted and the action is dismissed.

### *Background*

Plaintiff, Seyed N. Shafii, seeks judicial review of an arbitration award upholding his discharge. Shafii asserts that he was denied due process of law when the arbitrator alleg-

---

**1.** Defendant the International Association of Machinists and Aerospace Workers (the "Union") was dismissed from the present action by stipulation.

edly refused, in conversations held off the record, to hear certain testimony and consider certain documentary evidence offered in support of plaintiff's employment discrimination grievance against defendant British Airways. Shafii originally sought judicial review of the arbitration award by filing a verified petition in the United States District Court for the Northern District of New York. British Airways moved to dismiss the petition, arguing that a due process violation provides insufficient grounds for judicial review under the RLA, and alternatively, that venue properly lies in the Eastern District of New York. In *Shafii v. British Airways, et al.*, No. 90–0895 (NPM) (N.D.N.Y. March 13, 1990), the Honorable Neal P. McCurn of the Northern District held that Shafii's due process claim adequately stated a basis for judicial review of the arbitrator's decision, but transferred the case to this District.

This Court then addressed defendant's motion for summary judgment in *Shafii v. British Airways*, 799 F.Supp. 292 (E.D.N.Y. 1992), *vacated and remanded*, 22 F.3d 59 (2d Cir.1994). In opposition to defendant's motion, Shafii offered only the affidavit of Michael McAllister (the "McAllister Affidavit"), a Union shop steward who attended the arbitration hearing. In his affidavit, McAllister avers that he overheard the arbitrator refuse to admit testimonial and documentary evidence proffered by Shafii's counsel. Specifically, McAllister quotes the arbitrator as saying that he had "heard enough and that it was too late ... to get bogged down in technicalities." McAllister Affidavit, ¶ 6; This Court found it unnecessary to decide the merits of plaintiff's due process claim, however, in light of its holding that McAllister's recitation of the arbitrator's statements constituted inadmissible hearsay. Without McAllister's hearsay statements, the foundation for Shafii's due process claim evaporated, warranting a grant of summary judgment in favor of British Airways.

The Court of Appeals for the Second Circuit vacated this Court's holding in *Shafii v. British Airways*, 22 F.3d 59 (2d Cir.1994). There the Second Circuit held that McAllister's recitation of the arbitrator's alleged remarks was not hearsay because McAllister's

testimony was "not offered for the truth that [the arbitrator] had in fact heard enough or that it was in fact too late to get bogged down in technicalities, but rather for the fact that these were the reasons given for refusing plaintiff's request." 22 F.3d at 65. The Court of Appeals then remanded to this Court the issue of "whether plaintiff's allegations, taken as true, would constitute a denial of due process that would warrant vacating the arbitration ruling." *Id.* Assuming McAllister in fact overheard the arbitrator utter the alleged statements, and drawing all other reasonable inferences in plaintiff's favor, *Coach Leatherware Co. v. Ann Taylor, Inc.*, 933 F.2d 162, 167 (2d Cir.1991), the Court now must determine whether the arbitrator's conduct violated Shafii's constitutional rights.

*Discussion*

1. *The RLA Does Not Accord Plaintiff the Right to a Jury Trial*

■ Although his motion papers do not address the issue, at a status conference held before this Court on June 24, 1994, plaintiff asserted the right to try his employment grievance before a jury in the event the Court vacates the arbitration award. Section 3 First (q) of the RLA (45 U.S.C. § 153) sets forth clear limitations on the scope of judicial review, granting the district courts the option of affirming or setting aside an arbitration award or remanding the proceeding to the arbitrator. Nowhere does the statute empower the reviewing court to order a trial, whether before a court or a jury. Moreover, the Court of Appeals for the Second Circuit has held that the right to trial by jury as guaranteed by the Seventh Amendment does not extend to situations where, as here, "Congress has seen fit to set up an administrative procedure for adjudication of disputes arising out of statutorily created rights." *Skidmore v. Consolidated Rail Corp.*, 619 F.2d 157, 159 (2d Cir.1979) (relying on *Atlas Roofing Co. v. Occupational Safety Comm'n*, 430 U.S. 442, 460, 97 S.Ct. 1261, 1271, 51 L.Ed.2d 464 [1977] ), *cert. denied*, 449 U.S. 854, 101 S.Ct. 148, 66 L.Ed.2d 488 (1980). Accordingly, Shafii enjoys no right to try his claim before a jury.

*2. Plaintiff's Due Process Challenge Fails as a Matter of Law*

■ The Court's function on the present motion is to perform a limited review of the manner in which the arbitrator conducted the proceeding. The scope of judicial review of arbitration awards rendered pursuant to the RLA is " 'among the narrowest known to the law.' " *CSX Transp., Inc. v. United Transp. Union,* 950 F.2d 872, 877 (2d Cir.1991) (quoting *Union Pacific R.R. Co. v. Sheehan,* 439 U.S. 89, 91, 99 S.Ct. 399, 401, 58 L.Ed.2d 354 [1978] ); *American Fed'n of R.R. Police, Inc. v. National R.R. Passenger Corp.,* 112 Lab. Cas. (CCH) ¶ 11,388 (E.D.N.Y.1989). The court's "power is circumscribed sharply," *Skidmore,* 619 F.2d at 159, and is limited to inquiring only " 'whether the arbitrators did the job they were told to do—not whether they did it well, or correctly, or reasonably, but simply whether they did it.' " *CSX Transp., Inc.,* 950 F.2d at 877 (quoting *Brotherhood of Locomotive Engineers v. Atchison, Topeka and Santa Fe Ry. Co.,* 768 F.2d 914, 921 [7th Cir.1985] ).

■ Shafii petitions to set aside the arbitration award on due process grounds. The Court of Appeals for the Second Circuit has held that in the context of a statutory scheme invoking compulsory arbitration, " '[d]ue process is flexible and calls for such procedural protections as the particular situation demands.' " *Lyeth v. Chrysler Corp.,* 929 F.2d 891, 895 (2d Cir.1991) (quoting *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 [1972] ). Due process in the arbitration context typically requires no more than provision of a "fair hearing." *NLRB v. Washington Heights Mental Health Council, Inc.,* 897 F.2d 1238, 1244 (2d Cir.1990). The courts consider an arbitration proceeding fair if, in general, each party has had "sufficient opportunity to prepare its case ... and the opportunity to call and cross-examine witnesses and to present pertinent evidence in support of its case." *Id.* at 1244–45 (citations omitted). *See also Grannis v. Ordean,* 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914) (the "fundamental requisite of due process of law is the opportunity to be heard"). Where, as here, a due process challenge questions the propriety of an evidentiary ruling, the reviewing court will sustain the award absent a showing that the evidentiary error so prejudiced the rights of a party that it may be said that he was deprived of a fair hearing. *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.,* 397 F.2d 594, 599 (3d Cir.), *cert. denied,* 393 U.S. 954, 89 S.Ct. 378, 21 L.Ed.2d 365 (1968). *Accord Forsythe Int'l, S.A. v. Gibbs Oil Co.,* 915 F.2d 1017, 1023 (5th Cir.1990); *National Post Office Mailhandlers v. United States Postal Serv.,* 751 F.2d 834, 841 (6th Cir.1985).

■ Shafii's proof fails to support the alleged due process violation. Careful review of the transcript of the arbitration proceeding reveals that plaintiff was accorded a full and fair opportunity to present his case. Shafii was represented both by independent counsel and a Union representative at the arbitration hearing. The record clearly shows that plaintiff's counsel was afforded ample opportunity to present supporting evidence, argue the merits of Shafii's grievance, cross-examine defendant's witnesses, and formally note objections on the record. *See, e.g.,* Transcript of January 25, 1990 Arbitration Proceeding ("Tr.") at pp. 13–16, 20–23, 78–79, 80–83, 92. Although plaintiff asserts that the arbitrator capriciously denied him the right to introduce what he claims is crucial evidence—the minutes of two disciplinary hearings and the testimony of Jodi Devido–Esaili, a shop steward—the record contains no attempt by plaintiff or his counsel to call Devido–Esaili, and, as defendant cogently observes, plaintiff's counsel actually introduced into evidence the minutes of one of the subject disciplinary hearings, but then later voluntarily withdrew the document. Tr. at pp. 184–85, 192. Moreover, the transcript reflects that when asked by the arbitrator if he had any additional evidence to present, plaintiff's counsel unequivocally answered in the negative and rested his case. Tr. at p. 202. No objection to the alleged exclusion of the subject evidence was noted at that time. Indeed, the record remains utterly bereft of *any* objection—by plaintiff, his counsel, or his Union representative—to the exclusion of evidence or the manner in which the arbitrator was conducting the pro-

ceeding. Approximately six weeks after conclusion of the arbitration, plaintiff's counsel submitted to the arbitrator an extensive post-hearing brief which pursued several lines of argument challenging the merits of the insubordination charge underlying plaintiff's termination. Again, Shafii's post-hearing brief entirely ignored any discussion of arbitrator partiality or improper exclusion of evidence.[2]

■ Assuming Shafii adequately demonstrated that the arbitrator improperly excluded evidence, the petition still fails to establish that plaintiff was denied due process of law. In order to sustain his constitutional challenge, plaintiff must establish that the refusal to admit the subject evidence was incorrect *and* that such exclusion prejudiced the plaintiff, depriving him of a fair hearing. *See Newark Stereotypers' Union No. 18*, 397 F.2d at 599; *Forsythe Int'l*, 915 F.2d at 1023; *National Post Office Mailhandlers*, 751 F.2d at 841. Here, plaintiff has failed to demonstrate both. Shafii asserts that Devido–Esaili's testimony and the minutes of the prior disciplinary hearings were necessary to complete presentation of his case. He claims that the testimony would have had a "tremendous impact on the outcome" of the hearing, Plaintiff's Memorandum of Law, dated July 22, 1994 ("Plaintiff's Brief"), p. 25, in that the proffered testimony would have "negated the detrimental effect" of the testimony provided by defendant's witnesses. Plaintiff's Brief, p. 7. The Court fails to see the dire need for this evidence. At the arbitration hearing, plaintiff's counsel introduced documentary evidence, offered the testimony of plaintiff and his co-workers Michael McAllister and Carol Creamer, presented oral and written argument, and thoroughly cross-examined each of defendant's witnesses. The cross-examination of defendant's witnesses alone was sufficient to "negate" any "detrimental effect" their testimony may have had on plaintiff's case. Plaintiff thus has failed to establish precisely what renders Devido–Esaili's testimony so unique, and the Court equally is not convinced that the documents, said to be related to the testimony of Devido–Esaili, comprise indispensable components of plaintiff's case.[3]

■ Even if the Court viewed the excluded evidence as indispensable, Shafii still has failed to allege a sufficient basis upon which to rest his due process challenge. The law is clear that courts reviewing the decisions of arbitrators have "no jurisdiction over contentions that the [arbitrator] made erroneous findings of fact ... [or] erred in believing some witnesses and discrediting the testimony of others." *Martino v. American Airlines, Inc.*, 404 F.Supp. 1202, 1204 (S.D.N.Y.1975), *aff'd without op.*, 573 F.2d 1292 (2d Cir.1977), *cert. denied*, 439 U.S. 869, 99 S.Ct. 198, 58 L.Ed.2d 180 (1978). Criticism levelled at the arbitrator's interpretation of the facts or attacking the sufficiency of the evidence upon which an award is based will not sustain a constitutional challenge. *Anderson v. National R.R. Passenger Corp.*, 754 F.2d 202, 204 (7th Cir.1984). Similarly, charges that an arbitrator overlooked favorable evidence fail to allege a due process violation. *Steffens v. Brotherhood of Ry., Airline, and Steamship Clerks*, 797 F.2d 442, 447 (7th Cir.1986) (allegations that arbitration panel " 'ignored the facts' " and overlooked favorable evidence insufficient basis upon which to vacate award). *See also For-*

2. Defendant urges that Shafii's failure previously to challenge the arbitration on procedural due process grounds constitutes a waiver of his right to move to vacate the award on that basis. Although the Court finds it unnecessary to reach that issue, the Court agrees that it seems inherently unfair to allow Shafii to "remain silent, raising no objection during the course of the arbitration proceeding, and when an award adverse to him has been handed down [permit him to] complain of a situation of which he had knowledge." *Cook Indus., Inc. v. C. Itoh & Co.*, 449 F.2d 106, 107–08 (2d Cir.1971), *cert. denied*, 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972). *See also Edelman v. Western Airlines, Inc.*, 892 F.2d 839, 847 (9th Cir.1989) (where

plaintiff claimed that an arbitration panel denied her due process of law by requiring her to go forward with presentation of her defense while in an emotionally distressed state, reviewing court concluded that plaintiff's failure to request a continuance at the arbitration hearing effectively waived her due process challenge).

3. Defendant disputes whether the minutes of the second disciplinary hearing actually exist. The Court declines to reach this issue in light of the holding that even if the subject minutes in fact were offered into evidence and refused, plaintiff still has failed to sustain a violation of his constitutional rights.

*sythe Int'l,* 915 F.2d at 1021 (court held petition failed to allege the kind of fundamental error needed to maintain a constitutional challenge where petition charged only that "the arbitration panel fatally compromised its award by failing to address" an issue more thoroughly); *Morin v. Consolidated Rail Corp.,* 810 F.2d 720, 722 (7th Cir.1987) (court upheld arbitration award against procedural due process challenge for failure to admit certain evidence).

Here, plaintiff really has done nothing more than criticize the arbitrator's ultimate conclusions. Although Shafii clothes his present challenge in constitutional garb, his motion papers reveal that his petition in fact contests the arbitrator's interpretation of the evidence presented at the hearing, questions his factual conclusions, and cites unsupported instances of behavior plaintiff claims collectively demonstrate bias. Allegations regarding the admission and construction of evidence, however, offer "no more than an attack on the [arbitrator's] conclusions, and such challenges are not cognizable" under 45 U.S.C. § 153 First (q). *Steffens,* 797 F.2d at 447. Shafii's bald, conclusory allegations that the arbitrator ignored facts favorable to plaintiff and detrimental to defendant's case, without more, allege no more than disagreement with evidentiary findings, an insufficient basis upon which to rest a Section 153 First (q) challenge. *See Martino,* 404 F.Supp. at 1204 (and cases cited therein).

In light of the foregoing, and assuming the truth of the statements made in the McAllister Affidavit, the Court finds that plaintiff was accorded a full and fair opportunity to litigate his claim, and the alleged evidentiary error did not prejudice plaintiff's rights nor deprive him of a fair hearing.

### Conclusion

For the reasons set forth above, defendant's motion for summary judgment hereby is GRANTED, and the petition to vacate the arbitration decision and award hereby is DISMISSED.

SO ORDERED.