BROTHERHOOD OF RAILWAY, AIRLINE, AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, et al., Plaintiffs,

v.

KANSAS CITY TERMINAL RAILWAY COMPANY, Defendant.

No. 77–0545–CV–W–3.

United States District Court,
W. D. Missouri, W. D.

Dec. 27, 1977.

Glenn E. McCann, Knipmeyer, McCann, Fish & Smith, Kansas City, Mo., James L. Highsaw, Jr., Highsaw, Mahoney & Friedman, Washington, D. C., for plaintiffs.

Sam D. Parker, Harlan D. Burkhead and Stuart W. Conrad, Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, Mo., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

CLARK, District Judge.

This is an action by the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees (BRAC) against the Kansas City Terminal Railway Co. asking that the Court review and declare invalid an award by the Special Board of Adjustment No. 605 (Award No. 408) issued in a dispute involving the interpretation and application of a collective bargaining agreement known as the Stabilization Agreement.

The plaintiff is an unincorporated labor organization which is the duly authorized representative pursuant to the provisions of the Railway Labor Act (45 U.S.C. § 151 et seq.) of the craft or class of clerical and related employees, as well as Towermen and Telegraphers of the defendant terminal company. The defendant company is a "carrier" within the meaning of the Railway Labor Act.

On February 7, 1965 there was executed pursuant to the provisions of the Railway Labor Act a collective bargaining agreement between all of the nation's railroads represented by the National Railway Labor Conference and the Eastern, Western and Southeastern Carriers' Conference Committees and the employees of such carriers represented by five railroad labor organizations. The agreement has been in effect since February 7, 1965.

The Stabilization Agreement provides for a category of "protected employees". Reductions in the numbers of protected employees in the work force may be made by the defendant Terminal Co. in the event of a decline in the carriers business in excess of stated amounts according to criteria and procedures set forth in Article I, Section 3 of the Agreement as supplemented by a July 2, 1970 agreement.

In June and July of 1975 the jobs of approximately 210 employes of the Mail and Baggage Department who were protected employees under the Stabilization Agreement were abolished, and they were reduced to furlough status when the defendant lost its mail contract with the U.S. Postal Service and the Mail and Baggage Department was closed. After exhausting grievance procedures within the terminal company, the plaintiff submitted the dispute to a disputes committee established under the Stabilization Agreement pursuant to 45 U.S.C. § 153. The Special Board of Adjustment 605 in considering the three issues formulated and submitted by the plaintiff determined that the February 7, 1965 agreement applied to employees of the Mail and Baggage Department. However, the Board concluded that the agreement was intended to provide protection to employees in the event of a decline in the carrier's business rather than to protect employees when the work performed by them disappeared entirely.

Although the parties in this case are not in disagreement over the applicable standard of review, there has been a continuing controversy over the guidelines for review under § 153. This Court finds that § 153

Second, second paragraph providing that compliance with awards shall be enforced in the same manner and subject to the same provisions that apply to proceeding for enforcement of compliance with awards of Adjustment Boards, adopts the standard of review explicitly set forth in § 153 First (p) and (q). *Barrett v. Manuf. Ry. Co.*, 326 F.Supp. 639, 643–44 (E.D.Mo.1971) aff. 453 F.2d 1305 (8th Cir. 1972). This standard of review applies to boards created under the provision of § 153 Second whether the board is created by paragraph one or two of that section. *Kansas City So. Ry. Co. v. Brotherhood of RR Trainmen*, 305 F.Supp. 1142, 1146–49 (W.D.Mo.1969).

Judged by these standards the findings and order of Special Board 605 is conclusive on the parties and may be set aside only for (1) failure of the board to comply with the requirements of the chapter; (2) fraud or corruption of the members of the board; or (3) failure of the order to confine itself to matters within the scope of its jurisdiction. There is no contention by BRAC that grounds for review exist under either of the first two provisions. Therefore, award 408 of Special Board 605 must be upheld unless the Board is shown to have acted outside the scope of its jurisdiction. In the arbitration context an award that exceeds the authority or jurisdiction of the arbitration body is an award without foundation in reason or fact. To merit judicial enforcement an award must have a basis that is at least rationally inferable if not obviously drawn from the letter or purpose of the collective bargaining agreement. *Brotherhood of RR Trainmen v. Central of Ga. Ry. Co.*, 415 F.2d 403, 411–12 (5th Cir. 1969) cert. den. 396 U.S. 1008, 90 S.Ct. 564, 24 L.Ed.2d 500 (1970).

In applying this standard the federal district court for the Eastern District of Missouri in *Transportation-Communication Employees Union v. St. Louis-San Francisco Ry. Co.*, 296 F.Supp. 507, 510 (E.D.Mo.1968) found that when the plaintiff requested a ruling that the arbitration board had exceeded its jurisdiction by wrongly interpreting part of an agreement it was really requesting the Court to rule that the board's interpretation was incorrect. Judge Meredith concluded that this would not be a ruling on the jurisdiction of the Board but a review on the merits and it was clear that the courts were not to substitute their opinion for that of the Boards. Similarly BRAC in this case is asking the Court to consider all facts presented to the Board and substitute the Court's interpretation of the Agreement for that of the Board. However, this Court will not substitute its opinion as to the correct interpretation of the agreement for the Boards under the pretext that the Board exceeded the scope of its jurisdiction.

In light of Section 1, Article VII of the Agreement providing that any dispute involving an interpretation or application of the terms of the agreement should be referred to a committee and the decision thus arrived at is final and binding, it is clear that this dispute was correctly submitted to the Board and that the Board had jurisdiction to decide the issues involved in this cause. After reviewing the decision of the Board to ascertain if it exceeded the scope of the Board's power, this Court can only conclude that Award 408 is not wholly baseless and completely without reason. Thus, the Court is unable to find that Special Board 605 exceeded its jurisdiction. There being no other basis for reviewing the Board's decision under § 153 the Court hereby

ORDERS that the defendant's motion to dismiss is granted and that plaintiff's motion for summary judgment is denied.