In the Matter of Sidney G. CAMOMILE, Petitioner,

v.

FRONTIER AIRLINES, INC., Respondent.

Civ. No. 79–268 PHX–WEC.

United States District Court, D. Arizona.

March 19, 1980.

Bendalin, Galasky & Friedl, Phoenix, Ariz., for petitioner.

Dawson, Nagel, Sherman & Howard, Denver, Colo., and Ladendorff & Ridge, P. C., Phoenix, Ariz., for respondent.

## OPINION and ORDER

CRAIG, Senior District Judge.

This is an action for review of an arbitration proceeding in which the Five-Man System Board of Adjustment determined that the Petitioner was properly terminated by his employer.

Pursuant to the Railway Labor Act, § 3, 45 U.S.C. § 153, First (q), the District Court has jurisdiction to affirm the order, to set it aside in whole or in part, or to remand the matter to the division for further proceedings. The court is limited in its review to the following issues: 1) whether the division failed to comply with the Railway Labor Act; 2) whether the order fails to conform, or confine itself, to matters within the scope of the division's jurisdiction; 3) whether there has been fraud or corruption on the part of a member of the division

making the order. *Rossi v. Trans World Airlines*, 507 F.2d 404 (9th Cir. 1974).

Petitioner, in this matter, alleges that the System Board of Adjustment failed to confine itself to matters within the scope of the division's jurisdiction and that in so doing, denied Petitioner due process of law. Petitioner also alleges that he was denied due process because the decision of the Board was reached upon a record that is "completely barren" of any direct evidence that he stole any property or had any criminal intent to steal. Petitioner also challenges the Board's consideration of his refusal to take a polygraph examination.

Petitioner was employed by Respondent from January 3, 1967 until his termination on September 16, 1977. During this period, the employment relationship was governed by a collective bargaining agreement between Respondent and the Air Line Employees Association, International. Section 18(b)(10) of that agreement provides:

No discipline shall be imposed by the Company for an incident after twenty (20) days of said incident or from the time the Company has knowledge of or could reasonably be expected to have knowledge of said incident. Any discipline imposed must begin within twenty (20) days after being imposed.

According to the findings of the Board, Petitioner's wife told Respondent's station manager in November 1976 that she had, in her possession, property belonging to the Respondent, and she advised Respondent that the property had been removed by the Petitioner. However, according to the findings, Petitioner's wife would not allow Respondent to come get the property at that time.

It was not until August 25, 1977, after the couple obtained a divorce, that the former wife notified the Company that they could take the property from the house. The property was picked up by a representative of the Company on August 28, 1977, and Petitioner was terminated on September 16, 1977, exactly twenty days later.

At issue, then, is whether the Board exceeded its jurisdiction in determining that the Company did not have "probative knowledge" until August 28, 1977. In effect, the Petitioner is challenging the Board's interpretation of the word "knowledge" in the collective bargaining agreement.

It is true that the System Board first states in its findings that knowledge of company property in the home of Petitioner originated with verbal notification in November 1976. However, upon analysis, the Board goes on to determine that such advice was treated by the Company as unverified hearsay and, as such, did not rise to the level of "knowledge" necessary to trigger the twenty day period. The Board then concludes that the Company's decision to wait was "in accord with a reasoned approach to its responsibility in such a serious matter as alleged theft."

■ As stated above, the scope of review in this proceeding is quite limited. It is clearly not the function of the court to substitute its opinion as to the correct interpretation of the collective bargaining agreement for that of the System Board under the pretext that the Board exceeded the scope of its jurisdiction. *Brotherhood of Railway, Airline, and Steamship Clerks, Freight Handlers, Express and Station Employees v. Kansas City Terminal Railway Co.*, 442 F.Supp. 1173 (W.D.Mo.1977), *aff'd.*, 587 F.2d 903 (8th Cir. 1978), *cert. den.*, 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979). The Board was faced with the task of determining what constitutes "knowledge" of the employer within the context of the collective bargaining agreement and the Board made such a determination. Since the dispute over Petitioner's discharge concerned the interpretation of Section 18(b)(10), the matter was within the jurisdiction of the System Board (*Kansas City Terminal Railway Co., supra.*), and this court is precluded from reviewing the merits of that interpretation. *Gunther v. San Diego and Arizona Eastern Railway Co.*, 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965).

■ With regard to the other due process claims, the record indicates that the Petitioner was given a fair and impartial hearing. Further, the evidence provides a foundation in both reason and fact to support the conclusion of the Board. As such, Petitioner's claim that he was not afforded due process is without merit. *Eastern Air Lines, Inc. v. Transport Workers Union, AFL–CIO, Local 553,* 580 F.2d 169 (5th Cir. 1978); *Edwards v. St. Louis-San Francisco Railroad Co.,* 361 F.2d 946 (7th Cir. 1966); *Kotakis v. Elgin, Joliet and Eastern Railway Co.,* 520 F.2d 570 (7th Cir. 1975), *cert. den.,* 423 U.S. 1016, 96 S.Ct. 451, 46 L.Ed.2d 389 (1975). It is not the function of the court to weigh conflicting testimony, nor to express an opinion on the credibility of witnesses. *Martino v. American Airlines, Inc.,* 404 F.Supp. 1202 (S.D.N.Y.1975), *aff'd* 573 F.2d 1292 (2nd Cir. 1977). Finally, neither the Railway Labor Act, nor the System Board Agreement, nor any case precludes the Board's consideration of Petitioner's refusal to take a polygraph examination, nor does this court believe that such was a violation of due process. There is ample evidence in the record to support the Board's decision without consideration of Petitioner's refusal to take the examination. Further, it should be noted that it was only after the Petitioner suggested that three of the witnesses be given a polygraph examination (resulting in findings that all such witnesses were telling the truth) that Petitioner himself refused to take the examination.

For the above stated reasons, this court concludes that the Petitioner was not deprived due process of law and that the System Board properly confined itself to matters within the scope of its jurisdiction.

The decision of the Five-Man System Board of Adjustment is affirmed.

IT IS SO ORDERED.