**SOUTHERN PACIFIC COMPANY,
Appellant,**

v.

**W. H. WILSON, Appellee.**

**No. 23685.**

United States Court of Appeals
Fifth Circuit.

May 11, 1967.

Quentin Keith, Keith, Mehaffy & Weber, Beaumont, Tex., for appellant.

Joe Bob Golden, Joe H. Tonahill, Jasper, Tex., for appellee.

Before GEWIN, COLEMAN and GOLDBERG, Circuit Judges.

GEWIN, Circuit Judge:

On review of an award of a National Railroad Adjustment Board which upheld the discharge of a railroad employee, Wilson, the United States District Court for the Eastern District of Texas remanded the cause to the Board for a hearing on

Wilson's constitutional claim that he had been denied due process of law. The railroad, Southern Pacific Company, brings this interlocutory appeal challenging the jurisdiction of the district court.

Since December 17, 1951, W. H. Wilson (appellee) had been employed as a fireman by the Southern Pacific Company (appellant), a carrier within the meaning of the Railway Labor Act, 45 U.S.C. § 151 et seq. On February 23, 1963, appellee was discharged by the railroad for violating Rule 803 of the Rules of Regulations of the Transportation Department of the Southern Pacific Company. The rule provided that "any act of hostility, or wilful disregard of the company's interest will not be condoned." It was claimed that appellee had secured information and solicited lawsuits for a law firm in Beaumont, Texas.

Appellee challenged the validity of his discharge before a National Railroad Adjustment Board, Special Board of Adjustment No. 88, in a proceeding brought by the Brotherhood of Locomotive and Firemen and Enginemen under Section 3(i) of the Railway Labor Act, 45 U.S.C. § 153(i). Appellee denied the charge of solicitation and requested reinstatement with full seniority rights and back pay from the date of discharge, February 23, 1963, until the date of reinstatement. The evidence presented to the Board consisted of the testimony of Mr. Rhoudes, Vice Chairman of the Brotherhood of Maintenance of Way Employees, and Mr. Burrough, General Chairman of the Brotherhood of Maintenance of Way Employees, and an affidavit of one Billy Joe White. The Board concluded that solicitation had been proved and therefore a violation of Rule 803 was established.[1] Consequently, appellee's requests were denied.

On October 15, 1964, appellee brought suit in the district court for reinstatement and back wages alleging that the action of the Southern Pacific Company and the Special Board of Adjustment was capricious, arbitrary, unconstitutional and not based on fact. Appellee further alleged that an affidavit of a witness was admitted into evidence over his objection at the Board's hearing which denied appellee due process of law in that he was denied the right of cross-examination and the right to confront his accusers.

Pursuant to Rule 12(b), F.R.Civ.P., appellant filed a motion to dismiss for lack of jurisdiction over the subject matter. Appellant claimed that under the Railway Labor Act and the decisions of the courts construing that statute, the district court cannot review the action of the Board of Adjustment, since appellee submitted the issue of the validity of his discharge to the Board which ruled on such issue, and the award of the Board of Adjustment is a final determination. Appellee's reply to the above motion, while agreeing with appellant's general proposition, claimed that the district court has jurisdiction to review awards of the Adjustment Board whenever there has been a denial of due process. Appellant's motion to dismiss was denied. Further, appellant's motion for an order fixing the amount of supersedeas and its request to appeal from the

---

1. The following is from the Board's award: "The matters discussed at the meeting between Mr. Rhoudes and the claimant as testified to by Mr. Rhoudes were not of a general nature, but got down to particulars. Such items as monetary benefits that could reasonably be contemplated by Mr. Rhoudes, free entertainment, request to obtain information from individuals involved in a recent accident, to interview the injured persons, and finally, and most significantly, the handing of the attorneys' business cards to Mr. Rhoudes. The passing out of these attorneys' business cards, one of which had on the back thereof, claimant's name and data concerning where he could be reached, is really the clincher in proving solicitation. The distribution of these cards was admitted by the claimant at the hearing. Mr. Rhoudes' version of the initial meeting with claimant and the follow-up call from claimant to Rhoudes is supported by General Chairman Burrough.

"It must be concluded that solicitation in this instance is proved, and a violation of Rule 803 is established."

court's denial of its motion to dismiss was also denied.

On April 8, 1966, the district court entered an order setting aside its above orders denying appellant's motions. The court found that the constitutional challenges of appellee were of such a nature as to require a further hearing before the Special Board of Adjustment No. 88 in order to further develop all of the relevant evidence. Therefore the court ordered that the appellant's motion to dismiss be denied and that the cause be remanded to the Board for a new hearing. The appellant excepted to this action of the court and moved for the entry of an order permitting an interlocutory appeal under 28 U.S.C. § 1292(b). The court being of the opinion that its order denying the motion to dismiss involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation, permitted application to this court for leave to take an interlocutory appeal.[2] On May 16, 1966, we granted appellant's application.

It is the contention of appellant that the district court lacks jurisdiction over the subject matter in that the award of the Special Board of Adjustment No. 88 is a final determination and may not be reviewed by the courts. Appellee submits that the district court did not err in refusing to sustain the motion to dismiss the case for lack of subject matter jurisdiction. He contends that an award of a Railway Adjustment Board may be reviewed by the courts when the award is challenged on constitutional grounds. In addition the appellee contends that this is not a proper case for an interlocutory appeal under 28 U.S.C. § 1292(b) and the appellant is of the opposite opinion.

The statute, 28 U.S.C. § 1292(b), under which this interlocutory appeal is taken reads as follows:

"(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

In accordance with the directives of the statute the district judge stated in his order remanding the cause for a new hearing that he was of the opinion "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, * * *." Whereupon appellant made application to this court for permission to take an interlocutory appeal from the district court order. This court acting within its sound discretion granted appellant's application. It is our conclusion that such permission was not improvidently granted.

Section 3(m) of the Railway Labor Act, 45 U.S.C. § 153(m) concerning the reviewability of an award of a Railway Adjustment Board has recently been amended. Public Law 89–456, 80 Stat.

---

2. Prior to the district court order of April 8, 1966, appellant had sought writs of mandamus and prohibition in this Court, Southern Pacific Co. v. Fisher, No. 23566.

However, in view of the action taken by the district court on April 8, 1966, appellant moved to have the application dismissed, which was done on April 13, 1966.

208. The amended statute has been held in Brotherhood of Railroad Trainmen, et al. v. Denver & R. G. R. Co., 370 F.2d 833 (10 Cir. 1966) [3] to apply to all appealed cases pending at the time the amended Act became effective, June 20, 1966. Consequently, according to the above cited Tenth Circuit decision we should judge reviewability in light of the statute's provisions as amended. However, we have considered appellant's contention under both the original and amended statute and conclude that under both versions the district court is precluded from reviewing the award in the instant case.

Before the 1966 amendments § 153(m) read in pertinent part:

> "The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the awards shall be furnished to the respective parties to the controversy, and the awards shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award. * * *"

The most recent expression by the Supreme Court on the reviewability of awards under this statute is Gunther v. San Diego & Arizona E. R. Co., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965). In *Gunther* the award of the Adjustment Board granted the discharged employee reinstatement and payment of his lost wages. The District Court set aside the order of reinstatement and this was affirmed by the Ninth Circuit. The Supreme Court explicitly and unequivocally denied court review of the Board's award. We quote from the *Gunther* decision at pages 263, 264, 86 S.Ct. at page 372:

> " * * * This Court time and again has emphasized and re-emphasized

that Congress intended minor grievances of railroad workers to be decided finally by the Railway Adjustment Board."

\* \* \* \* \* \*

> "The Railway Labor Act as construed in the foregoing and other opinions of this Court does not allow a federal district court to review an Adjustment Board's determination of the merits of a grievance merely because a part of the Board's award, growing from its determination on the merits is a money award. The basic grievance here— that is, the complaint that petitioner has been wrongfully removed from active service as an engineer because of health—has been *finally, completely,* and *irrevocably* settled by the Adjustment Board's decision. Consequently, the merits of the wrongful removal issue as decided by the Adjustment Board must be accepted by the District Court." (Emphasis added)

■ Under the authority of *Gunther* we are compelled to conclude that the Board's decision that appellee had been validly discharged is final and binding on the parties. Therefore the district court had no jurisdiction to review the Board's award in the present case. See also Hodges v. Atlantic C. L. R. Co., 363 F.2d 534 (5 Cir. 1966); Rittle v. R. E. A. Express, 367 F.2d 578 (5 Cir. 1966), where this court denied review under the principles of *Gunther*.

■ However, by denying the district court jurisdiction to review the Board's award on the basis of *Gunther*, we do not hold that federal courts may never review an award where it is claimed that the Adjustment Board acted unconstitutionally in the conduct of its hearing. There may be cases where a denial of due process

---

3. In this case the Railroad Adjustment Board had awarded $472,000 to employees of the railroad which constituted a full day's pay for each claim filed. The district court, in accordance with the original § 153(m) which denied court review of Board awards "except insofar as they shall contain a money award. * * *", reduced the award to one dollar per day rather than the full day's pay. While the case was pending on appeal this language, just quoted, was deleted by the 1966 amendments. Since the amendment did not exclude its application for pending cases, the court held that the district court decision must be given appellate consideration in view of the amendments to the controlling statute.

by some act of the Adjustment Board in making an award invests the district court with jurisdiction under the Railway Labor Act to review the award when it would not otherwise have the power to do so. Edwards v. St. Louis-San Francisco Railroad Co., 361 F.2d 946 (7 Cir. 1966) and cases cited at page 953. Nevertheless, we do not think appellee's claim that he was deprived of procedural due process because the Adjustment Board admitted into evidence the affidavit of a witness he had not been able to cross-examine invests the district court with jurisdiction to review the Board's award. The affidavit of which appellee complains, even though admitted into evidence, was actually immaterial to the Board's decision. The award of the Special Adjustment Board specifically points out its lack of probative value:

> "The affidavit of Billy Joe White really doesn't add anything either way and in itself was not prejudicial to the claimant. It may be mentioned that this affidavit was obtained following the question asked by the claimant's representative as to whether Mr. Rhoudes had obtained a sworn statement from this individual."

In view of the fact that the affidavit was not critical to the Board's determination nor even an important factor in the making of its award, we find that the district court lacked jurisdiction.[4]

The 1966 amendments to the Railway Labor Act deleted the language in §

153(m) which allowed court review of Board awards, "insofar as they shall contain a money award." A new paragraph § 153(q) was added which gives any aggrieved party the right to petition a district court for review of an Adjustment Board decision and provides in part that:

> "On such review, the findings and order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this Act, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order. * * *"

The appellee has not contended that the Board did not have jurisdiction or failed to confine itself to the scope of the matter submitted to it or that fraud or corruption existed. Therefore since there can be no review of a decision or award of the Adjustment Board except in the circumstances enumerated in the paragraph quoted above,[5] the district court was without jurisdiction to enter the order involved herein. The order of the District Court must be set aside and the case dismissed. The case is remanded to the District Court with directions to dismiss the complaint.

Reversed and remanded with directions.

\* \* \* \* \*

"We reject the idea that the Adjustment Board in some way breached its duty or went beyond its power in relying as it did upon the finding of this board of doctors." (pp. 262–263, 86 S.Ct. p. 371.)

---

4. In the *Gunther* opinion the Supreme Court stated:
"The courts below were also of the opinion that the Board went beyond its jurisdiction in appointing a medical board of three physicians to decide for it the question of fact relating to petitioner's physical qualifications to act as an engineer. We do not agree. The Adjustment Board, of course, is not limited to common-law rules of evidence in obtaining information." (382 U.S. p. 262, 86 S.Ct. p. 371.)

5. Here, again, we do not hold that the 1966 amendment eliminated the possibility of federal review of a Board's award where it is claimed that the Board's conduct constituted a denial of due process.