UNITED TRANSPORTATION UNION,
Plaintiff-Appellant,

v.

CLINCHFIELD RAILROAD COMPANY,
Defendant-Appellee.

No. 19691.

United States Court of Appeals,
Sixth Circuit.

March 4, 1970.

Ed Bluestein, Jr., Houston, Tex., for appellants.

Sidney Ravkind, Anthony J. P. Farris, U. S. Attys., Jack Shepherd, James R. Gough, Asst. U. S. Attys., Houston, Tex., Leavenworth Colby, Atty., Morton Hollander, U. S. Dept. of Justice, Washington, D. C., for appellees.

Before TUTTLE, WISDOM, and GOLDBERG, Circuit Judges.

Russell M. Baker, Dallas, Tex. (Baker, Foreman & Boudreaux, Dallas, Tex., on the brief), for appellant.

Ferdinand Powell, Jr., Johnson City, Tenn., (Harry W. Lawrence, Acting Gen.

Sol., Erwin, Tenn., on the brief), for appellee.

Before CELEBREZZE and BROOKS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM ORDER.

The principal issue in this case is whether, under the Railway Labor Act, a special board of adjustment established by the parties to resolve certain disputes between the carrier and the union can render a valid award as to claims not set forth in the agreement.

Title 45 U.S.C. Section 153, Second, provides that "The cases which may be considered by (a special board of adjustment) shall be defined in the agreement establishing it * * *." Since the agreement establishing the special board provided that it was formed "for the purpose of disposing of time claims which are listed in the docket appended (thereto) as Attachment 'A'" and the appended docket contained only a list of names of six members of the union who were asserting time claims, the District Court properly concluded that only the six claims specified in the agreement could be considered.

Affirmed.