Aristead CLAYTON and Albert Northern

v.

MISSOURI PACIFIC RAILROAD CO.

Civ. A. No. 77–116.

United States District Court,
M. D. Louisiana.

June 7, 1978.

Murphy W. Bell, Baton Rouge, La., for plaintiffs.

John B. Noland, Breazeale, Sachse & Wilson, Baton Rouge, La., for defendant.

E. GORDON WEST, District Judge:

This action is brought under 45 U.S.C. § 153 First (q) for judicial review of a decision by the National Railroad Adjustment Board. Cross motions for summary judgment were filed, and the case was submitted on the record, including briefs of counsel, transcripts of the initial hearing by the carrier and the findings of Public Law Board No. 600.

On August 1, 1975, the petitioners, Aristead Clayton and Albert Northern, along with three fellow employees, Messrs. Guillory, Tanguis, and Perkins, were dismissed from their employment with Texas and Pacific Railway Co. (now Missouri Pacific Railroad Co.), for allegedly falsifying their time slips of June 25 and June 30, 1975. Two investigative hearings were held in Donaldsonville, Louisiana, on July 31, 1975, to determine the facts of the incidents. At those hearings it was determined that the crew had brought their engine into the yard, stopped it, and departed from work prior to their sign out time of 8:00 a. m., in spite of the fact that all five members of the crew denied falsifying their time slips or leaving early. Based upon the findings of those hearings, all five were terminated from their employment with Texas and Pacific Railway Company but were offered reinstatement on a leniency basis if they admitted their guilt. Guillory, Tanguis and Perkins, choosing to avail themselves of this offer, admitted their guilt and were allowed to return to work without pay for time lost. Clayton and Northern continued to deny any falsification and they remained dismissed. The petitioners then chose to appeal the decision of the carrier to the National Railway Adjustment Board, Public Law Board No. 600, which denied their claim. The case is now before this Court for review of that denial.

As a basis for this appeal, petitioners contend that: (1) the Law Board considered the evidence of the admitted guilt of the three reinstated employees, which was not part of the initial hearing held by the carrier, and the consideration of such evidence (a) "took into account matters which are not part of the original record" and (b) deprived the petitioners of the rights of confrontation and cross-examination guaranteed by the Sixth Amendment; (2) the record contained no evidence warranting dismissal of the petitioners; and (3) the carrier discriminated against the petitioners

because the three reinstated employees were white while the petitioners were black.

Finding these contentions to be without merit, this Court concludes that defendant's motion for summary judgment should be granted.

■ The power of this Court to review the actions of the Public Law Board is, by the very language of the statute conferring such right of review, quite limited in its scope. 45 U.S.C. § 153 First (q). The pertinent language of the statute is as follows:

". . . On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division [of the Adjustment Board] may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure to order to conform or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order."

The underlying theory for such narrow review is succinctly stated by the U.S. Supreme Court in *Gunther v. San Diego and Arizona Eastern Ry.*, 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965):

"This Court time and again has emphasized and re-emphasized that Congress intended minor grievances of railroad workers to be decided finally by the Railroad Adjustment Board." 86 S.Ct. at 372.

This position has been consistently and vigorously followed by the Fifth Circuit Court of Appeals. *Southern Pacific Co. v. Wilson*, 378 F.2d 533 (CA5—1967); *Hodges v. Atlantic C. L. R. Co.*, 363 F.2d 534 (CA5—1966); *Rittle v. REA Express*, 367 F.2d 578 (CA5—1966); *Rosen v. Eastern Air Lines, Inc.*, 400 F.2d 462 (CA5—1968). A fourth, judicially created, grounds for jurisdiction has evolved where there has been a denial of due process by some act of the Public Law Board. *Southern Pacific Co. v. Wilson*, supra; *Edwards v. St. Louis-San Francisco Railway Company*, 361 F.2d 946 (CA7 —1966). In order to invoke such jurisdic-

tion, however, the Board's action must constitute sufficient denial of due process as to allow a collateral attack on the jurisdiction of the Public Law Board. *Woolley v. Eastern Air Lines*, 250 F.2d 86 (CA5—1957).

The principle issue in this review is whether the consideration by the Public Law Board of the admissions of guilt made after the initial hearing by the three reinstated employees denied the petitioners their right to confront and cross-examine those employees, since, at the original hearing there was no admission of guilt to discuss.

■ As stated before, this Court only has jurisdiction when, by some act of the Public Law Board, the petitioner has been denied due process. What went on prior to the submission of evidence to the Board, for example, at the initial hearing, is solely within the jurisdiction of the Law Board. *Edwards v. St. Louis-San Francisco Railroad Co.*, supra; *Gordon v. Eastern Air Lines*, 268 F.Supp. 210 (W.D.Va., 1967). Therefore, if what the petitioners seek is a second supplemental hearing prior to review by the Public Law Board, this Court is without jurisdiction to grant such a request. As stated in *Edwards* at 953:

"The provisions of the Railway Labor Act govern neither the procedure by which a carrier may discharge its employees nor the conduct of an investigation hearing on railway property."

The petition cites no contract or case law which entitles the petitioners to cross-examine witnesses at the initial hearing of the carrier. The Court assumes they base their claim on the collective bargaining agreement between *United Transportation Union and Texas and Pacific Railway Co.* Both Article 47, which governs trainmen (Clayton) and Article 46, which governs conductors (Northern) state in identical language:

"In case a (trainman or conductor) is taken out of service for alleged cause he will be given an investigation and shall have the right to have his representative present to examine witnesses testifying at the investigation."

Whether such wording entitles the petitioners the right to cross-examine the reinstated employees because of their admission of guilt after the initial hearing was held is not for this Court to decide. That would involve an interpretation of the collective bargaining agreement which only the Board can make and which is binding on this Court. *Edwards v. St. Louis-San Francisco Railroad Co.*, supra.

The second claim of petitioners is that the Board considered matters "outside the record" in making their decision. For various reasons this claim is without merit. First of all, this would require interpretation of the agreement between the union and the employer under which these proceedings are being conducted. Such interpretation, as in the situation of the collective bargaining agreement above, is solely within the jurisdiction of the Public Law Board and is binding on this Court. *Rosen v. Eastern Air Lines*, supra. Furthermore, the petitioners did not request an oral hearing before the Public Law Board, as was their prerogative under the applicable regulations governing the Railway Adjustment Board. 29 CFR 301.9. They were therefore limited to written submissions, which include each party's "facts as they respectfully believe them to be." 29 CFR 301.5(c). It is upon these submissions that the Board made its decision. The very admissions of guilt claimed to be "outside the record" are contained in the "carrier's statement of facts" as well as Clayton's "position of the employee." Therefore it is clear that the regulations under which the Public Law Board operates dictates that such evidence is not only within the review of that Board but is essential to the operation of that Board.

The next claim of the petitioners, that there was no evidence warranting dismissal, is not within the confines of any of the four grounds for review enumerated above and is therefore not reviewable by this Court. Furthermore, upon their dismissal the petitioners had a choice—they could have sued in court for breach of contract of employment or they could have proceeded under their agreement and the Railway Labor Act before the Board. They may not do both. Once jurisdiction is granted to the Board, its decision, on factual, legal or mixed issues, is not reviewable by this Court. *Rosen v. Eastern Air Lines*, supra; *Woolley v. Eastern Air Lines*, supra.

Finally, petitioners seek this Court's review by claiming that they were racially discriminated against because the three reinstated employees were white while the petitioners were black. Aside from the fact that that is in fact the racial breakdown of the employees, there is nothing to support this contention. All five employees were dismissed and all five were offered reinstatement without regard to race.

For the above stated reasons, the petitioners' motion for summary judgment is denied and the defendant's motion for summary judgment is granted. Judgment will be entered accordingly.