**Herbert MURRAY, Plaintiff-Appellee,**

v.

**CONSOLIDATED RAIL CORPORATION,
Defendant-Appellant.**

No. 83–3345.

United States Court of Appeals,
Sixth Circuit.

Argued March 6, 1984.

Decided June 18, 1984.

Rehearing and Rehearing En Banc Denied Nov. 6, 1984.

John B. Lewis, Squire, Sanders & Dempsey, Cleveland, Ohio, Jeffrey H. Burton (argued), Philadelphia, Pa., for defendant-appellant.

Steven D. Bell, Akron, Ohio, for plaintiff-appellee.

Before ENGEL and KEITH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

■ This is an appeal from a district court judgment which permitted a railroad employee to collaterally attack an award of a special adjustment board, Public Law Board No. 2203 (PLB), before the National Railroad Adjustment Board (NRAB), a body of concurrent jurisdiction. The issue is whether the Railway Labor Act (RLA), 45 U.S.C. Sec. 151, *et seq.*, permits NRAB review of a PLB award. The district court determined that the PLB's decision was invalid because it failed to give the employee notice of the hearing and an opportunity to be heard. It reasoned that void judgments are subject generally to collateral attack. Applying this general rule, the district court permitted the employee to collaterally attack the PLB's decision before the NRAB. In our view, the Railway Labor Act cannot be construed to permit such a practice. The judgment of the district court is REVERSED.

Consolidated Rail Corporation (defendant-appellant) discharged Herbert Murray (plaintiff-appellee) for the unauthorized use of a company credit card. Murray contested the Company's discharge decision with the assistance of his duly authorized representative, the Brotherhood of Maintenance of Way Employees (Union). After Murray exhausted the grievance procedures set forth in the collective bargaining agreement, he obtained private counsel for the purpose of filing an appeal with the NRAB. This appeal was filed on July 6, 1979. On September 28, 1979, the Union notified Murray that it had appealed the Company's discharge decision to the PLB. The following day Murray was notified of the time of the hearing and the right to present evidence. On October 2, 1979, however, Murray was informed that the proceedings be-fore the PLB had been cancelled. Accordingly, Murray proceeded with his previous efforts to obtain relief from the NRAB.

On January 29, 1980, the Union informed Murray that the PLB had issued a decision on his claim ordering reinstatement and denying backpay. Once the NRAB learned that the PLB had decided the merits of Murray's claims, the NRAB dismissed the pending appeal for lack of subject matter jurisdiction. Murray then appealed the NRAB's decision dismissing his complaint to the District Court for the Northern District of Ohio.

In the district court, Murray established that the PLB failed to give him proper notice of the hearings. He argued that this procedural defect permitted him to attack collaterally the PLB's decision before the NRAB. The district court agreed. Essentially, the court reasoned that the PLB's failure to give Murray notice of the proceedings and, thus, an opportunity to present evidence, rendered the PLB decision void. Because void judgments are subject generally to collateral attack, *see, e.g., Jordan v. Gilligan,* 500 F.2d 701 (6th Cir.1974), *cert. denied,* 421 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481 (1975), the district court remanded this case to the NRAB for a hearing.

■ The RLA mandates clearly that the NRAB must "give due notice of all hearings" to the involved parties. 45 U.S.C. Sec. 153 First (j). This requirement applies also to special adjustment boards, such as the PLB. *Cole v. Erie Lackawanna Railway Co.,* 541 F.2d 528 (6th Cir. 1976), *cert. denied,* 433 U.S. 914, 97 S.Ct. 2987, 53 L.Ed.2d 1100 (1977). Such notice must permit the employee sufficient time to consult with union officials so that his interests may be represented adequately. *Id.*

Although the decisions of both the NRAB and special adjustment boards are ordinarily conclusive, Congress has provided for limited judicial review of such determinations.[1] *See* S.Rep. No. 1201, 89th

---

**1.** The legislative history accompanying the 1966 amendments to the RLA indicates that Congress'

Cong., 2d Sess. (1966), *reprinted in* [1966] U.S.Code Cong. and Ad.News, 2285; *United Transportation Union v. Clinchfield Railroad Company*, 427 F.2d 161 (6th Cir.), *cert. denied*, 400 U.S. 824, 91 S.Ct. 48, 27 L.Ed.2d 53 (1970). An award by either the NRAB or the PLB may be set aside only "for failure of the [board] to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the [board's] jurisdiction, or for fraud or corruption by a member of the [board] making the order." 45 U.S.C. Sec. 153 First (q). In this case, Murray has alleged that the PLB failed to give him statutorily required notice; a district court may set aside a board's award for such a violation. The issue, however, is whether Murray may collaterally attack the PLB award *before the* NRAB, or whether he must first pursue judicial review of the PLB's decision under Section 153 First (q). We believe that Congress has indicated its desire that such challenges be appealed directly to the district court.

■ Permitting judicial, rather than NRAB, review of PLB decisions is consistent with the scheme of the RLA. The establishment of special adjustment boards was provided for by Congress in the 1966 amendments to the RLA. The legislative history to the amendments indicates clearly that the principal reason that Congress established special adjustment boards was to "eliminate the large backlog of undecided claims of railroad employees pending before the National Railroad Adjustment Board."[2] S.Rep. No. 1201, 89th Cong., 2d Sess. (1966), *reprinted in* [1966] U.S.Code Cong. and Ad.News 2285, 2286. In order to accomplish its goal, Congress authorized carriers and employees to resolve their disputes, otherwise referable to the NRAB, before a special adjustment board. 45 U.S.C. Sec. 153 Second. If the NRAB were

permitted to review determinations of the PLB, Congress' goal of reducing the NRAB's caseload would be frustrated. We simply cannot interpret the Act in such a fashion as to frustrate Congress' primary purpose. Instead, we must interpret the RLA consistent with Congress' goal of reducing the NRAB's caseload. Accordingly, we believe that the Act requires employees to appeal directly to the district court a decision by the PLB rendered allegedly without proper notice.

Another factor weighs in favor of permitting only judicial review of PLB decisions. The RLA provides for *judicial* review of PLB and NRAB decisions. In contrast, there is no provision in the RLA for review of a PLB award by the NRAB. Congress' failure to provide for NRAB review of PLB decisions is consistent with the purpose of the 1966 amendments to the RLA; these amendments were enacted to reduce the backlog of cases before the NRAB.

We decline the opportunity to frustrate Congress' primary goal by conferring upon employees the right to challenge the award of one board before the other.

In light of the fact that Congress established special adjustment boards to eliminate the backlog of cases before the NRAB and provided only for judicial review of board determinations, we hold that an award of the PLB may not be collaterally attacked before the NRAB. We reject the district court's application of the general rule permitting collateral attack of a judgment made without notice to a party. The RLA establishes procedures for judicial review in the event that an award is made without notice. *See* 45 U.S.C. Sec. 153 First (q). Accordingly, we hold that an award of the PLB can be reviewed only by a district court; the NRAB's refusal to accept jurisdiction following disposition by the PLB was proper. In this case, the

---

intent was to permit judicial review of "orders of the National Railway Adjustment Board, *and of boards established under this legislation.*" (emphasis added). S.Rep. No. 1201, 89th Cong., 2d Sess. (1966), *reprinted in* [1966] U.S. Code Cong. and Ad.News, 2285, 2289.

**2.** At the time the amendments went into effect, some employees with grievances waited as long as ten years for resolution of their case. S.Rep. No. 1201, 89th Cong., 2d Sess. (1966), *reprinted in* [1966] U.S.Code Cong. and Ad.News, 2285, 2286.

district court permitted impermissibly a PLB award to be challenged before the NRAB; therefore, the judgment of the district court is reversed.