IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10918
Summary Calendar
_____

MICHAEL FINELLI,

                                        Plaintiff-Appellant,

versus

SOUTHWEST AIRLINES,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-MC-22-R
--------------------
February 6, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Michael Finelli appeals from the district court's order
granting Southwest Airlines' motion to dismiss his petition with
prejudice for lack of subject matter jurisdiction.

    Finelli argues that he had a due process right to confront
and cross-examine Ernie Santillanes, the investigator who
conducted an inquiry into whether Finelli had committed sexual
harassment, at the arbitration hearing.  Santillanes had only

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

indirect knowledge of the events underlying the sexual harassment complaint, and Finelli had the opportunity to cross-examine Lois Valenzuela and Jose Arizola, the individuals who were present during the underlying events and accused him of inappropriate conduct.  The arbitrator did not rely on Santillanes' findings in reaching his decision.  See S. Pac. Co. v. Wilson, 378 F.2d 533, 537 (5th Cir. 1967).  Furthermore, Finelli elected to complete the hearing without Santillanes, even though the arbitrator offered to continue the proceeding and subpoena the investigator.  There was no due process violation.  Id. at 536-37.

Finelli also argues that the arbitrator exceeded the scope of his authority to interpret the collective bargaining agreement ("CBA").  Since Finelli is raising an argument in reliance on the CBA, he has the responsibility of supplying this court with that evidence.  FED. R. APP. P. 10(b)(2).  The CBA has not been included in the record on appeal.  Therefore, this court rejects Finelli's argument without considering its merits.  See United States v. Johnson, 87 F.3d 133, 136 n.1 (5th Cir. 1996);  United States v. Dunham Concrete Prods., 475 F.2d 1241, 1251 (5th Cir. 1973).

AFFIRMED.